IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **THAYER INTERACTIVE GROUP LLC,**<br>5335 Wisconsin Avenue, N.W., Suite 780<br>Washington, D.C. 20015<br><br>       Plaintiff,<br><br>   v.<br><br>**PC SPECIALISTS, INC.,**<br>7810 Trade Street<br>San Diego, California 92121<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. _____<br>)<br>)<br>)  **Demand for Jury Trial**<br>)<br>)<br>)<br>) |

## DECLARATORY JUDGMENT COMPLAINT

Plaintiff, Thayer Interactive Group LLC ("TIG Global" or "Plaintiff"), for its Declaratory Judgment Complaint against Defendant PC Specialists, Inc. ("PC Specialists" or "Defendant"), shows as follows:

## NATURE OF THE ACTION

1.      This is an action, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and Rule 57 of the Federal Rules of Civil Procedure, for a declaratory judgment finding that TIG Global has not infringed or interfered with, and is not infringing or otherwise interfering with, the asserted rights of PC Specialists, and that TIG Global's acts have not violated and are not violating federal or state laws relating to trademark infringement, unfair competition or deceptive practices, including without limitation Sections 32, 43(a), 43(c), and 43(d) of the Lanham Act, 15

-1-

U.S.C. §§ 1116 and 1125(a), (c), and (d), or the statutory or common law of the District of Columbia or the law of other States.

2.      Specifically, the claims set forth in this Complaint for Declaratory Judgment arise under the above-referenced laws of the United States and this District and involve an actual controversy between TIG Global and PC Specialists as to alleged infringement by TIG Global of PC Specialists' alleged common law rights in and federal registration of the trademarks TIG (Registration No. 2,720,478) and TECHNOLOGY INTEGRATION GROUP (Registration No. 2,391,057).

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the subject matter and the parties under Section 39 of the Lanham Act, 15 U.S.C. § 1121, under 28 U.S.C. §§ 1331, 1338, and pursuant to 28 U.S.C. § 1367.

4.      This Court has personal jurisdiction over Defendant because, on information and belief, Defendant has distributed and sold goods and offered and sold services within this District in connection with and under the TIG mark, and has otherwise made or established contacts with this District, such that personal jurisdiction is consistent with the Constitution and the laws applying to the District of Columbia.  This District is a proper venue pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred and are occurring in this District and in interstate commerce.

## THE PARTIES

5.      TIG Global is a Limited Liability Company organized under the laws of the State of Delaware, with a principal place of business at 5335 Wisconsin Avenue, NW, #780, Washington, D.C., 20015.

6.      On information and belief, PC Specialists is a corporation, incorporated under the laws of the State of California, with a principal place of business at 7810 Trade Street, San Diego, CA 92121.

## DECLARATORY JUDGMENT PLAINTIFF TIG GLOBAL

7.      TIG Global is an Internet marketing firm that is the leading provider of web presence management services to the hospitality industry.  A primary goal of TIG Global's marketing services is to increase the visibility for a hotel client or brand client on the Internet and to help deliver online travel consumers and hotel bookings directly to a hotel or brand client's website.  TIG Global also provides other brand marketing, destination marketing, and website design services to its hospitality clientele.  TIG Global offers its various services in interstate commerce.

8.      TIG Global's clientele comprises more than 290 hotels and resorts, three major hotel brands, and one Convention and Visitors Bureau.  The hotel clients range from independent hotels to branded and franchised hotels, operating in all major North American markets as well as Europe, Mexico, and the Caribbean.

9.      TIG Global began operations in October 2001 using the name and service mark THAYER INTERACTIVE GROUP.

10.    On October 14, 2004, TIG Global formally launched a new brand identity and current name and service mark, TIG GLOBAL.

11.    On September 9, 2004, TIG Global filed federal registration application Serial No. 78/480,995 for the mark TIG GLOBAL for various business consultation and marketing services and hotel reservation services ("the '995 Application"). The United States Patent and Trademark Office ("USPTO") has reviewed the '995 Application and allowed the Application to be published for opposition. Specifically, a USPTO trademark examining attorney determined that Plaintiff's TIG GLOBAL mark was not likely to cause confusion, mistake, or deception with any pending application or registration, including Defendant's federal Registration No. 2,720,478 for TIG.

## DEFENDANT PC SPECIALISTS

12.    On information and belief, PC Specialists sells in interstate commerce computer hardware and offers Information Technology services under the TIG mark. According to the PC Specialists website, Defendant is a "computer systems integrator and reliable IT solutions consultant" that "specializes in providing their clients value-add computing solutions."

13.    PC Specialists alleges ownership of valid rights in USPTO Registration No. 2,720,478 for the mark TIG for the following goods and services:

> Computer hardware and network installation, support and maintenance services.
>
> Computer hardware, software and network integration services; computer hardware, software and network design services; computer hardware, software and network management and control services; data warehousing; web site hosting services for others; computer software installation, maintenance and support; computer hardware, and network support services.

## PC SPECIALISTS'S THREATS OF LEGAL ACTION

14.    On July 20, 2005, counsel for Defendant sent a letter to TIG Global (the "July 20 Letter") alleging that TIG Global's use of the TIG GLOBAL mark by Plaintiff "infringes the trademark rights of PC Specialists" in the TIG and TECHNOLOGY INTEGRATION GROUP marks. A true and correct copy of the July 20 Letter is attached as Exhibit A.

15.    The July 20 Letter demanded that TIG Global "immediately cease and desist from any further use of the mark 'TIG', 'TIG Global' or any other confusingly similar mark," presumably including the domain name and mark "tigglobal.com," which Defendant specifically mentions in the Letter. (emphasis in original).

16.    The July 20 Letter expressly threatened imminent legal action if TIG Global refused to comply with PC Specialists' demands. According to the letter:

> . . . failure to fully and immediately comply with this letter will force PC Specialists to seek redress through the courts. Please be aware that your company's continued use of the mark after [July 30, 2005] would be a basis for a court order awarding my client increased damages and recovery of attorneys fees and costs incurred in resolving this matter.

17.    Based on the threats of litigation contained in the July 20 Letter, an actual controversy exists between Plaintiff and Defendant.

### COUNT I
### DECLARATORY JUDGMENT OF NON-INFRINGEMENT

18.    Plaintiff repeats and incorporates by reference the allegations in paragraphs 1-17 as if fully set forth here.

19.     On information and belief, Plaintiff's and Defendant's respective goods and services, customers, marketing channels, trade channels, advertising channels, and other related marketplace factors are not similar.

20.     On information and belief, Plaintiff's and Defendant's respective customers and prospective customers are sophisticated and, for various reasons, exercise a high degree of care when purchasing the types of goods and services offered by the parties.

21.     On information and belief, there has been no actual confusion among relevant consumers between the respective marks of Plaintiff and Defendant.

22.     On information and belief, as of July, 28, 2005, the USPTO has issued at least twenty-two (22) currently active Certificates of Registration for marks incorporating the formative term "TIG." On further information and belief, as of July 28, 2005, at least three federal trademark applications, including Plaintiff's, are pending for marks incorporating the formative term "TIG." On further information and belief, as of July 28, 2005, there were at least four currently registered USPTO marks consisting of the stand-alone mark "TIG," including Defendant's, and at least two USPTO trademark applications for the stand-alone mark "TIG." Again, Plaintiff's Application Serial No. 78/480,955 is for the TIG GLOBAL mark, not the stand-alone mark TIG.

23.     Defendant does not have exclusive trademark rights in and to the term "TIG."

24.     Defendant does not have rights, much less exclusive trademark rights, in and to the terms "TIG GLOBAL" or "tigglobal.com."

25.    Plaintiff's use of its TIG, TIG GLOBAL, and tigglobal.com marks is not likely to cause confusion or to cause mistake or to deceive purchasers of Plaintiff's or Defendant's goods or services.

26.    Plaintiff's use of its TIG, TIG GLOBAL, and tigglobal.com marks does not violate Section 32 of the Lanham Act, 15 U.S.C. § 1114.

27.    Plaintiff does not and will not use its TIG, TIG GLOBAL, and tigglobal.com marks in a manner that constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact.  Moreover, Plaintiff's use of its TIG, TIG GLOBAL, and tigglobal.com marks is not likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Plaintiff with Defendant, or as to the origin, sponsorship, or approval of Plaintiff's goods or services by Defendant.

28.    Plaintiff's use of its TIG, TIG GLOBAL, and tigglobal.com marks does not violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

29.    Plaintiff's use of its TIG, TIG GLOBAL, and tigglobal.com marks is not likely to cause dilution of the purported distinctive quality of Defendant's trademarks or trade names.

30.    Plaintiff's use of its TIG, TIG GLOBAL, and tigglobal.com marks does not violate Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

31.    Plaintiff's use of its TIG, TIG GLOBAL, and tigglobal.com marks does not constitute trademark infringement under the laws of this District, any State or the common law.

32.    Plaintiff's use of its TIG, TIG GLOBAL, and tigglobal.com does not constitute unfair competition or deceptive practices under the laws of this District, any State or the common law.

33.    Plaintiff's use of its TIG, TIG GLOBAL, and tigglobal.com marks does not constitute dilution under the laws of this District, any State or the common law.

34.    Plaintiff did not register the domain name <tigglobal.com> with any bad faith intent to profit therefrom.  In fact, it registered the domain name in good faith with the intent to make *bona fide* use of it in connection with its services.

35.    Plaintiff's use of its TIG, TIG GLOBAL, and tigglobal.com marks does not violate Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

36.    Plaintiff's use of its TIG, TIG GLOBAL, and tigglobal.com marks does not violate the laws of any state, territory, or district of the United States.

**WHEREFORE**, Plaintiff **PRAYS** for:

1.    An order declaring that Defendant is without right or authority to maintain suit against Plaintiff for alleged infringement, dilution, unfair competition, deceptive practices,  or cybersquatting under federal or state law based on Plaintiff's use of its TIG, TIG GLOBAL, and tigglobal.com marks in connection with its web presence management services to the hospitality industry.

2.    A permanent injunction enjoining and restraining Defendant, its agents, attorneys, and all persons in active concert or participation with Defendant, from initiating litigation against Plaintiff, or any of their representatives based on Plaintiff's use of the marks TIG, TIG GLOBAL and tigglobal.com, or Plaintiff's other pending applications or domain name registrations, as used in connection with Plaintiff's web presence management services to the hospitality industry.

-8-

3.    An Order that Defendant be required to pay to Plaintiff the costs of this action and their reasonable attorneys' fees;

4.    Such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff respectfully demands a trial by jury on all claims and issues so triable.

Respectfully submitted,

Daniel H. Marti
D.C. Bar No. 481691
J. David Mayberry
D.C. Bar No. 480603
**KILPATRICK STOCKTON LLP**
Suite 900
607 14th Street, N.W.
Washington, D.C. 20005-2018
Phone: (202) 508-5800
Facsimile:(202) 508-5858