UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THAYER INTERACTIVE GROUP LLC |
|
|
V. | Case No.: 1:05-cv-01503 (JR)
|
PC SPECIALISTS, INC. |
|
|

ANSWER TO COMPLAINT AND
COUNTERCLAIMS OF DEFENDANT PC SPECIALISTS, INC

ANSWER TO COMPLAINT

Defendant, PC Specialists, Inc. ("hereinafter referred to as TIG") states the following for its Answer to the Complaint of Thayer Interactive Group, LLC ("TIG Global"). Paragraphs are numbered to correspond to those in the Complaint. All allegations not specifically admitted are denied.

1.   TIG admits that TIG Global has filed this action pursuant to the Declaratory Judgment Act, 28 U.S. C. § 2201 et. seq and Rule 57 of the Federal Rules of Civil Procedure; the allegations are otherwise denied.

2.   TIG admits that this action concerns its federal trademark registrations for the trademarks TIG (Registration No. 2,720,478) and TECHNOLOGY INTEGRATION GROUP (Registration No. 2,391,057); the allegations are otherwise denied or constitute a characterization of this action as to which no response is required.

3.   Admitted.

4. TIG admits that this Court has personal jurisdiction over the parties and that venue is appropriate in this District; the allegations are otherwise denied.

5. TIG lacks information sufficient to form a belief as to the truth or falsity of the allegations, and for that reason the allegations are denied.

6. Admitted.

7. TIG admits that TIG Global offers its various services in interstate commerce; otherwise, TIG lacks information sufficient to form a belief as to the truth or falsity of the allegations, and for that reason the allegations are denied.

8. TIG lacks information sufficient to form a belief as to the truth or falsity of the allegations, and for that reason the allegations are denied.

9. TIG lacks information sufficient to form a belief as to the truth or falsity of the allegations, and for that reason the allegations are denied.

10. TIG lacks information sufficient to form a belief as to the truth or falsity of the allegations, and for that reason the allegations are denied.

11 TIG lacks information sufficient to form a belief as to the truth or falsity of the allegations, and for that reason the allegations are denied.

12. TIG admits that it sells computer hardware and information technology services in interstate commerce under the TIG mark; the second sentence is a characterization of TIG's website to which no response is required as the website speaks for itself.

13. Admitted.

14. TIG states that Exhibit A to the Complaint speaks for itself; the allegations are denied to the extent that they are inconsistent with the substance of Exhibit A.

15. TIG states that Exhibit A to the Complaint speaks for itself; the allegations are denied to the extent that they are inconsistent with the substance of Exhibit A.

16. TIG states that Exhibit A to the Complaint speaks for itself; the allegations are denied to the extent that they are inconsistent with the substance of Exhibit A.

17. TIG admits that an actual controversy exists between plaintiff and defendant; otherwise the allegations are denied.

18. TIG incorporates by reference its Answers, denials and admissions contained in paragraphs 1-17 as if fully set forth here.

19. Denied.

20. TIG lacks information sufficient to form a belief as to the truth or falsity of the allegations, and for that reason the allegations are denied.

21. Denied.

22. TIG lacks information sufficient to form a belief as to the truth or falsity of the allegations, and for that reason the allegations are denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

33. Denied.

34. TIG lacks information sufficient to form a belief as to the truth or falsity of the allegations, and for that reason the allegations are denied.

35. Denied.

36. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The claims are barred in whole or in part by the doctrine of unclean hands.

### Third Affirmative Defense

The claims are barred in whole or in part by laches and estoppel.

### Fourth Affirmative Defense

The claims are barred in whole or in part by waiver, consent and/or acquiescence.

<u>Fifth Affirmative Defense</u>

The Court should decline to exercise its discretion to entertain TIG Global's request for declaratory relief.

COUNTERCLAIMS

<u>Introduction</u>

1.  For more than two decades, TIG has been a leading provider of computers, computer and Internet based services to purchasers of such equipment and services throughout the United States. Since its first use of its TIG Mark in commerce at least as early as April 1, 1994, TIG has invested hundreds of thousands of dollars promoting the sales of its goods and services under the TIG and TECHNOLOGY INTEGRATION GROUP marks in interstate commerce.  TIG Global, on the other hand, is a large purveyor of Internet based services to customers throughout the United States.  TIG has no objection to lawful competition from TIG Global, and is confident that the technical superiority of its service will prevail in any fair competitive contest.  But TIG Global is engaging in unfair competition by appropriating TIG's service mark, "TIG," which creates the impression that TIG Global's service is affiliated with or sponsored by TIG's service. TIG brings these Counterclaims under the federal Lanham Act and the common law to put an end to TIG Global's unfair and deceptive acts.

Parties

2.  TIG is a corporation organized under California law, with a principal place of business at 7810 Trade Street, San Diego, California 92121.

3.  TIG Global is a limited liability company organized under Delaware law, with a principal place of business at 5335 Wisconsin Avenue, NW, Suite #780 Washington, D.C. 20015.

Jurisdiction and Venue

4.  This Court has jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, and 1367(a), and Rule 13 of the Federal Rules of Civil Procedure.

5.  Venue is proper in this District under 28 U.S.C. § 1391(b).

Factual Background

6.  TIG is a leading provider of computer hardware and network installation, support and maintenance services, in Int'l class 37 since at least as early as April 1, 1994 and for computer hardware, software and network integration services; computer hardware, software and network design services; computer hardware, software and network management and control services; data warehousing; web site hosting services for others; computer software installation, maintenance and support; computer hardware, and network support services for small to large businesses and corporations.

7.  For more than two decades, TIG has provided its customers with turnkey information technology ("IT") solutions from providing computer hardware and software to designing and managing web sites.

8.  TIG operates in a highly competitive marketplace.

9.  TIG markets its goods and services under the trademark TIG. As a result of TIG's promotional efforts, consumers have come to associate the mark TIG specifically with TIG and its goods and services. Consumers understand TIG as a designation of origin for TIG's goods and services, which distinguishes those goods and services from those offered by other providers. The TIG mark has developed valuable goodwill for TIG as a symbol of the quality and utility that TIG delivers to its customers.

10. TIG is the owner of Registration Number 2,720,478, on the Principal Register of the U.S. Patent and Trademark Office, for the mark TIG for computer hardware and network installation, support and maintenance services, in Int'l class 37 since at least as early as April 1, 1994 and for computer hardware, software and network integration services; computer hardware, software and network design services; computer hardware, software and network management and control services; data warehousing; web site hosting services for others; computer software installation, maintenance and support; computer hardware, and network support services, in Int'l class 42 since at least as early as April 1, 2000.

11. TIG is the owner of Registration Number 2,391,057, on the Principal Register of the U.S. Patent and Trademark Office, of the mark TECHNOLOGY INTEGRATION GROUP since at least as early as April 1, 1994 for retail services by direct solicitation by employees and sales agents in the field of computer software and hardware; on-line retail store services in the field of computer software and hardware, in Int'l class 35; installation of computer systems in

Int'l class. 37; and computer system design, and technical support services, namely, trouble shooting of computer hardware and software problems via telephone, e-mail and in person in Int'l class 42.

12. Upon information and belief, TIG Global did not begin offering goods and services under the TIG GLOBAL mark prior to the filing of its Intent to Use U.S. Trademark Application, Serial No. 78480995 filed on September 9, 2004. TIG GLOBAL and www.tigglobal.com are colorable imitations of TIG's mark, TIG.

13. TIG Global's use of TIG GLOBAL and www.tigglobal.com in the face of its knowledge of TIG's prior rights is intended to trade off of the goodwill that TIG has built up by promoting and selling its highly successful goods and services. In any event, TIG Global's use of the TIG GLOBAL mark will inevitably cause a likelihood of confusion and mistake among consumers and other members of the public, and will diminish TIG's goodwill in its TIG mark.

14. The parties' respective goods and services are very closely related. Both TIG and TIG Global offer website consultation and development services to enable their respective customers to compete effectively in e-commerce. They promote and sell their respective goods and services through the same channels of trade and target the same consumers, including, but not necessarily limited to, members of the hospitality industry.

15. Those viewing TIG GLOBAL are likely to form the mistaken belief that TIG Global's products and services are connected with or approved by TIG.

16. Upon information and belief, prior to its adoption of its TIG GLOBAL and www.tigglobal.com marks, TIG Global became aware that TIG claims exclusive rights in the mark TIG as a designation for computer hardware, software and IT consultation services.

17.   At all times, TIG Global was aware and that TIG has not authorized TIG Global to use TIG GLOBAL and www.tigglobal.com as trademarks.

18.   TIG Global use of TIG GLOBAL and www.tigglobal.com is deliberate and willful.

## COUNT I

(Violation of Lanham Act § 43(a), 15 U.S.C. § 1114 and 1125(a))

19.   TIG repeats and realleges paragraphs 1 through 18 above as if fully set forth herein.

20.   TIG Global uses TIG GLOBAL and www.tigglobal.com in interstate commerce in connection with the sale of its goods and services.

21.   TIG Global's unauthorized use of TIG GLOBAL and www.tigglobal.com is likely to cause confusion and mistake among consumers and others, and creates a false designation of origin of TIG Global's services.

22.   Through its use of the marks, TIG GLOBAL and www.tigglobal.com, TIG Global is attempting to pass off its services as affiliated or approved by TIG.

23.   TIG Global's conduct, taken as a whole, is calculated and likely to cause confusion and mistake among consumers and others.

24.   TIG Global's use of TIG GLOBAL and www.tigglobal.com the TIG GLOBAL mark is knowing, willful, and intentional, and continues in spite of TIG Global's knowledge, since before its adoption of those designations, of TIG's rights in those marks.

25.   By reason of the foregoing, TIG Global has violated 15 U.S.C. § 1114 and § 1125(a).

26. By reason of TIG Global's unlawful conduct, TIG's goodwill in the TIG Marks has been damaged, and TIG has suffered financial injury. In addition, if TIG Global's unlawful conduct is not enjoined, TIG will in the future suffer further irreparable harm and damage including, but not limited to, diversion of trade, loss of profits, and loss of goodwill. That prospective harm is incalculable and cannot be adequately compensated in damages.

## COUNT II

(Common Law Unfair Competition and Passing Off)

27. TIG repeats and realleges paragraphs 1 through 26 above as if fully set forth herein.

28. TIG Global's conduct in the use of TIG GLOBAL and www.tigglobal.com constitutes unfair competition and passing off under the common law.

## COUNT III

(Violation of Lanham Act § 1125(d) -Anti Cybesquatting)

29. TIG repeats and realleges paragraphs 1 through 28 above as if fully set forth herein.

30. TIG owns the federally registered marks TIG for retail services by direct solicitation by employees and sales agents in the field of computer software and hardware; on-line retail store services in the field of computer software and hardware, in Int'l class 35; installation of computer systems in Int'l class. 37; and computer hardware, software and network integration services; computer hardware, software and network design services; computer hardware, software and network management and control services; data warehousing; web site hosting services for others; computer software installation, maintenance and support; computer

hardware, network support services and technical support services, namely, trouble shooting of computer hardware and software problems via telephone, e-mail and in person in Int'l class 42.

31. TIG Global uses, or intends to use its domain name, www.tigglobal.com in interstate commerce in connection with the marketing of its services.

32. TIG Global's unauthorized use of www.tigglobal.com is likely to cause confusion and mistake among consumers and others.

33. TIG Global's use of www.tigglobal.com is a knowing, willful, and intentional violation of TIG's rights.

34. TIG Global's conduct is likely to cause confusion and mistake among consumers and others.

35. By reason of the foregoing, TIG Global has violated 15 U.S.C. § 1114 and § 1125(d).

36. By reason of TIG Global's unlawful conduct, TIG's goodwill in the mark TIG Marks has been damaged, and TIG has suffered financial injury. In addition, if TIG Global's unlawful conduct is not enjoined, TIG will in the future suffer further irreparable harm and damage including, but not limited to, diversion of trade, loss of profits, and loss of goodwill. That prospective harm is incalculable and cannot be adequately compensated in damages.

PRAYER FOR RELIEF

WHEREFORE, TIG prays for judgment as follows:

a. that TIG Global, and all those acting in privacy or concert with it, be preliminarily and permanently enjoined from using the mark TIG GLOBAL, or any colorable imitation of those marks;

    b.    that TIG Global be directed to immediately transfer the domain, www.tigglobal.com to TIG;

    c.    that TIG Global be required to pay TIG compensatory damages for the loss of goodwill and financial injury TIG has suffered by reason of TIG Global's unlawful activity;

    d.    that TIG Global be required to account for and pay over to TIG all gains and profits derived by TIG Global from its unlawful conduct;

    e.    that TIG Global be required to pay TIG's reasonable attorneys' fees and the costs of this action;

    f.    that TIG have such other and further relief as the Court deems just and appropriate.

## JURY TRIAL DEMAND

Defendant, TIG hereby respectfully demands trial by Jury for its Counterclaim and all issues and claims that maybe so triable.

Respectfully Submitted,

**PC SPECIALISTS, INC.**

Dated: March 22, 2006    By: *Edward W. Gray* 
Edward W. Gray, Jr.
G. Brian Busey
Christopher E. George

**Morrison & Foerster LLP**
2000 Pennsylvania Ave., NW
Washington, DC 20006-1888
(202) 887-1500

CERTIFICATE OF SERVICE

I, Edward W. Gray, Jr., one of the Attorneys for Defendant, hereby certify that on this 22nd day of March, 2006, a true a correct copy of the foregoing Defendant's Answer and Counterclaim was served via first class mail, postage prepaid upon:

Michael Heilbronner
Idealegal, P.C.
121 SW Morrison
Suite 1020
Portland, OR 97204

Mark London
London and Mead
1225 19th Street, NW
Suite 320
Washington, DC 20036

_____
Edward W. Gray, Jr.

For the firm

**Morrison & Foerster LLP**
2000 Pennsylvania Ave., NW
Washington, DC 20006-1888
(202) 887-1500