IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THAYER INTERACTIVE GROUP, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:05-CV-01503 (JR) |
| v. ) | |
| ) | |
| PC SPECIALISTS, INC. ) | |
| ) | |
| Defendant. ) | |

**<u>PLAINTIFF'S ANSWER TO COUNTERCLAIMS</u>**

Plaintiff, Thayer Interactive Group, LLC ("TIG Global"), by undersigned counsel, denies all allegations of the Counterclaims for which it is without knowledge or information sufficient to form a belief, and answers the Counterclaims as follows:

1. TIG Global admits that the Counterclaims are brought under the Lanham act and the common law. TIG Global admits that it provides certain services throughout the United States. TIG Global denies that it has engaged in unfair competition or other unfair or deceptive acts. With respect to the remainder of the allegation that "TIG Global, on the other hand, is a large purveyor of Internet based services to customers throughout the United States," that allegation is vague and ambiguous and TIG Global lacks information sufficient to form a belief as to the truth or falsity of the remainder of that allegation, and, for both reasons, the remainder of that allegation is denied. TIG Global is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1.

2. TIG Global admits, upon information and belief, the allegations in Paragraph 2.

3. TIG Global admits the allegations in Paragraph 3.

4. TIG Global admits the allegations in Paragraph 4.

5. TIG Global admits the allegations in Paragraph 5.

6. TIG Global is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

7. TIG Global is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8. TIG Global is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9. TIG Global is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

10. TIG Global admits that the U.S.P.T.O.'s online records identify Defendant PC Specialists, Inc. ("PCS") as the owner of record of Registration No. 2,720,478 on the Principal Register of the U.S.P.T.O. TIG Global is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10.

11. TIG Global admits that the U.S.P.T.O.'s online records identify PCS as the owner of record of Registration No. 2,391,057 on the Principal Register of the U.S.P.T.O. TIG Global is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11.

12. TIG Global denies that TIG GLOBAL and www.tigglobal.com are colorable imitations of PCS's mark, and admits the remaining allegations in Paragraph 12.

13. TIG Global denies the allegations in Paragraph 13.

14. TIG Global denies the allegations in Paragraph 14.

15. TIG Global denies the allegations in Paragraph 15.

16. TIG Global denies the allegations in Paragraph 16.

17. TIG Global denies that TIG Global needed PCS's authorization for TIG Global lawfully to use TIG GLOBAL and www.tigglobal.com for any purpose. TIG Global further denies any purported or alleged significance of TIG Global's awareness or lack of awareness of PCS's authorization to use TIG GLOBAL and www.tigglobal.com for any purpose.

18. Subject to TIG Global's ability to comprehend the allegations despite a grammatical error, TIG Global admits that its use of TIG GLOBAL and www.tigglobal.com is and was not random. Subject to the foregoing, the remaining allegations are denied.

19. TIG Global incorporates by references its answers, denials, admissions, and other responses contained in paragraphs 1-18 as if fully set forth here.

20. TIG Global denies that it sells goods. TIG Global admits the remaining allegations in Paragraph 20.

21. TIG Global denies the allegations in Paragraph 21.

22. TIG Global denies the allegations in Paragraph 22.

23. TIG Global denies the allegations in Paragraph 23.

24. Subject to TIG Global's ability to comprehend the allegations despite a grammatical error and the vague and ambiguous nature of the allegations, TIG Global admits that its use of TIG GLOBAL and www.tigglobal.com is and was not random. Subject to the foregoing, the remaining allegations in Paragraph 24 are denied.

25. TIG Global denies the allegations in Paragraph 25.

26. TIG Global denies the allegations in Paragraph 26.

27. TIG Global incorporates by references its answers, denials, admissions, and other responses contained in paragraphs 1-26 as if fully set forth here.

28. TIG Global denies the allegations in Paragraph 28.

29. TIG Global incorporates by references its answers, denials, admissions, and other responses contained in paragraphs 1-28 as if fully set forth here.

30. TIG Global admits that the U.S.P.T.O.'s online records identify PCS as the owner of record of Registration Nos. 2,720,478 and 2,391,057 on the Principal Register of the U.S.P.T.O. TIG Global is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30.

31. TIG Global admits the allegations in Paragraph 31.

32. TIG Global denies the allegations in Paragraph 32.

33. TIG Global denies the allegations in Paragraph 33.

34. TIG Global denies the allegations in Paragraph 34.

35. TIG Global denies the allegations in Paragraph 35.

36. TIG Global denies the allegations in Paragraph 36.

With respect to the Prayer for Relief in the Counterclaims, TIG Global denies that PCS is entitled to any of the relief for which it prays in the Counterclaims. Accordingly, TIG Global denies all of the allegations contained in the Prayer for Relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Counterclaims fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Counterclaims are barred in whole or in part by the doctrine of unclean hands.

### Third Affirmative Defense

The Counterclaims are barred in whole or in part by the doctrine of laches and estoppel.

### Fourth Affirmative Defense

The Counterclaims are barred in whole or in part by Defendant's waiver, consent, and/or acquiescence.

Respectfully submitted,

Mark London
D.C. Bar No. 293548
Hanoi Veras
D.C. Bar No. 491285
London and Mead
1225 19th Street, NW
Suite 320
Washington, DC 20036
Phone: (202) 331-3334
Facsimile: (202) 785-4280

Of Counsel:
Michael K. Heilbronner
**IDEALEGAL, P.C.**
121 SW Morrison; Suite 1020
Portland, OR 97204
Phone: (503) 449-9084
Facsimile: (503) 914-0301

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing **Plaintiff's Answer to Counterclaims** was sent via First Class Mail, postage prepaid, on the 14th day of April, 2006, and via electronic mail to the following:

Edward W. Gray, Jr. (EGray@Mofo.com)
Christopher E. George (CGeorge@mofo.com)
Morrison & Foerster LLP
2000 Pennsylvania Avenue
Suite 5500
Washington, DC 20006

_____
Hanoi Veras